IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
KELVIN CARTER, )
 )
       Petitioner, )
 )
v. ) No. 10 C 3857
 )
DONALD GAETZ, )
 )
       Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Kelvin Carter's (Carter) petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Petition). For the reasons stated below, the Petition is denied.

## BACKGROUND

In January 2004, Carter was convicted in a state court bench trial of first degree murder. Carter was sentenced to forty-five years of imprisonment. Carter appealed his conviction and sentence, and on February 8, 2006, the Illinois Appellate Court affirmed his conviction and sentence. Carter then filed a *pro se* petition for leave to appeal (PLA) in the Illinois Supreme Court, and the petition was denied on September 27, 2006. On March 27, 2007, Carter filed a post-conviction petition,

1

which was dismissed on June 25, 2007. Carter appealed the dismissal, and on May 8, 2009, the Illinois Appellate Court affirmed the trial court's dismissal of the post-conviction petition. Carter then filed a PLA in the Illinois Supreme Court on his post-conviction petition, and the PLA was denied on September 30, 2009. On June 21, 2010, Carter filed the instant Petition pursuant to 28 U.S.C. § 2254.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable

2

application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Carter contends in the Petition: (1) that he was denied due process when the prosecutor presented statements from Aisha Hood (Hood), Tamika Austin (Austin), and Bathsheba Rooks (Rooks) (Claim 1), (2) that he was denied due process when the prosecutor presented testimony from Leroy Lane (Lane) (Claim 2), (3) that there was insufficient evidence to prove Carter guilty beyond a reasonable doubt since the evidence consisted, in part, of testimony by a convicted felon (Claim 3), (4) that Carter is actually innocent, despite the verdict (Claim 4), (5) that Carter's trial counsel was ineffective for failing to call as a witness Gigi Spicer (Spicer) (Claim 5), (6) that Carter's trial counsel was ineffective for failing to object to the admission of hearsay (Claim 6), (7) that Carter's appellate counsel on his direct appeal was ineffective for failing to argue that trial counsel was ineffective for failing to call Spicer as a witness (Claim 7), and (8) that the Illinois statutory firearm sentence enhancement violates Carter's due process rights (Claim 8). Respondent argues that the court should deny the Petition in its entirety, contending that the Claims 1 and 5-8 are procedurally defaulted, that Claims 4 and 8 are not legally cognizable claims, and that Claims 2 and 3 are meritless.

I. Procedurally Defaulted Claims

Respondent argues that Claims 1 and 5-8 are procedurally defaulted and that there is no justification to excuse the default.

A. Defaulted Claims

Respondent contends that Carter failed to raise Claims 1 and 6-8 through one complete round of the state appellate process and that they are thus defaulted. Respondent also contends that Claim 5 is procedurally defaulted because the Illinois State Appellate Court disposed of the claim on an independent and adequate state law ground. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state

courts.'" *Malone*, 538 F.3d at 753 (quoting *Lewis,* 390 F.3d at 1025)(stating that fair presentment includes "'the petitioner . . . asserting his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).

    1.  Due Process Violation Based a Witness Statements (Claim 1)

Carter did not raise Claim 1 on his direct appeal. (G Ex. A, B). Nor did Carter raise Claim 1 in his post-conviction petition. (G Ex. G 4, 5, 10). Therefore, Claim 1 is procedurally defaulted.

    2.  Failure to Object to Hearsay (Claim 6)

Carter did not raise Claim 6 on his direct appeal or during his post-conviction petition process. (G Ex. B; G). Although Carter referenced ineffective assistance of counsel in his post-conviction petition, he did not argue ineffective assistance based on a failure to object to hearsay. (G Ex. G). Therefore, Claim 6 is procedurally defaulted.

### 3. Ineffective Assistance of Counsel on Direct Appeal (Claim 7)

Carter did not raise Claim 7 in his PLA to the Illinois Supreme Court on direct appeal or in his appeals during the post-conviction process. (G Ex. E; K; J; N). Although Carter referenced ineffective assistance by trial counsel in his appeal of the denial the post-conviction petition, he did not argue that appellate counsel was ineffective. (G Ex. J, N). Therefore, Claim 7 is procedurally defaulted.

### 4. Firearm Sentencing Enhancement (Claim 8)

Carter did not raise Claim 8 in his PLA to the Illinois Supreme Court on direct appeal or in his post-conviction petition. (G Ex. E; G; J). Therefore, Claim 8 is procedurally defaulted.

### 5. Ineffective Assistance Based on Failing to Call Spicer (Claim 5)

In regard to Claim 5, although Carter raised the claim in his post-conviction petition, in affirming the dismissal of the post-conviction petition, the Illinois Appellate Court disposed of Claim 5 on an independent and adequate state law ground. The Appellate Court concluded that the claim had been properly dismissed by the trial court because Carter had failed to attach supporting affidavits, records, or other evidence to support the claim. (Ex. I 8, J 9). Therefore, Claim 5 is procedurally defaulted.

### B. Whether Defaults Can be Excused

Respondent argues that there are not facts in this case that provide a justification to excuse the defaults of the claims. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotation omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if he can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

### 1. Cause and Prejudice

Respondent argues that Carter has not shown cause and prejudice to excuse the defaulted claims. Generally, in order to show cause for defaulted claims, a petition must show "that some type of 'external impediment' prevented the petitioner

7

from presenting his claim." *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026). A petition can establish prejudice by "showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Promotor*, 628 F.3d at 887 (quoting *Lewis,* 390 F.3d at 1026). In the instant action, Carter has not provided facts showing that he was prevented from presenting his claims in a manner that would have avoided the procedural default. Nor has Carter provided facts that show that he suffered a prejudice, as required to excuse the procedural defaults.

### 2. Fundamental Miscarriage of Justice

Respondent contends that Carter has failed to show that the procedural defaults should be excused based on a fundamental miscarriage of justice. As will be explained below, there was ample evidence that shows that Carter was guilty of murder. The record does not indicate that the effect of the procedural defaults would create a fundamental miscarriage of justice in this case. Thus, based on the above, Claims 1 and 5-8 are procedurally defaulted and there is no justification to excuse the default.

## II. Non-cognizable Claims

Respondent argues that Claims 4 and 8 are not legally cognizable claims. Carter argues in Claim 4 that, despite being convicted, he is actually innocent. However, a claim of actual innocence is "not cognizable as [a] stand-alone claim[] on

federal habeas review" since it is addressed in the fundamental miscarriage of justice exception to the procedural default rule. *United States ex rel. Johnson v. Gaetz*, 2010 WL 2044930, at *5 (N.D. Ill. 2010). Thus, Claim 4 is not a legally cognizable claim. We also note that even if Claim 4 was a legally cognizable claim, based on the record before the court, the claim is clearly meritless. There was ample evidence in the record showing that Carter was guilty of murder and he has not pointed to new evidence that shows that he is actually innocent.

In Claim 8, which as explained above is procedurally defaulted, Carter indicates that his constitutional rights were violated by the state statute providing a sentencing enhancement in his case. The United States Supreme Court has stated that "a person who *has* been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, . . . and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment." *Chapman v. United States*, 500 U.S. 453, 465 (1991). Carter has not shown how the sentencing enhancement would have violated any of his federal constitutional rights, and the claim is thus not a legally cognizable claim. *See, e.g., United States ex rel. Kelley v. Haws*, 2001 WL 300306, at *2 (N.D. Ill. 2001)(finding that a double enhancement argument did not relate to federal constitutional issues). We also note that, even if Claim 8 were cognizable, based on the record before the court, the claim is clearly meritless.

III. Meritless Claims

Respondent also argues that Claims 2 and 3 are meritless. Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see also* 28 U.S.C. § 2254(e)(2)(explaining instances when a court hearing a habeas should hold an evidentiary hearing); *Mendiola v. Schomig*, 224 F.3d 589, 592 (7th Cir. 2000)(explaining that on habeas review, the "state appellate courts' findings are entitled to the same respect that trial judges' findings receive").

    A. Testimony of Lane (Claim 2)

Carter argues in Claim 2 that his due process rights were violated when the prosecutor presented the testimony of Lane, which Carter contends was false testimony. In *Napue v. People of State of Ill.*, 360 U.S. 264 (1959), the Supreme Court held that "a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment" and that "a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction. . . ." *Id.* During the appeal of the denial of Carter's post-conviction petition, the Illinois Appellate Court properly applied the federal constitutional law in regard to the claim concerning the presentation of perjured

testimony. The Court properly concluded that Carter had not provided sufficient support to show that Lane perjured himself and that Carter's contentions were based on speculation. (G Ex. J 10-11). Thus, Carter has not shown any decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Nor has Carter shown that the Illinois Appellate Court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, Claim 2 is without merit.

### B. Sufficiency of Evidence (Claim 3)

Carter argues in Claim 3 that there was insufficient evidence to prove him guilty beyond a reasonable doubt since the evidence consisted, in part, of testimony by a convicted felon. Carter contends that the testimony of Lane, who was a convicted felon, was insufficient to convict Carter of murder. Prior to trial, Hood, Austin, and Rooks gave signed statements to Assistant State's Attorneys, stating that they saw Carter arguing with the victim, and Hood and Austin stated that they saw Carter shoot the victim. (G Ex. A 2). At trial Hood, Austin, and Rooks recanted their statements. The record does not indicate that the trial court acted improperly in concluding that Hood, Austin, and Rooks were telling the truth in their earlier signed statements, rather than in their testimony at trial. In addition, the trial court was presented with the eyewitness testimony of Lane, which was sufficient to convict Carter of his crime. Carter has not shown that Lane's prior criminal record

11

required the trial court to disbelieve Lane's testimony. The record indicates that there was sufficient evidence for a reasonable trier of fact to find Carter guilty. The record shows that there was ample evidence to convict Carter for his crime, and thus Claim 3 is without merit. Based on the above, the Petition is denied in its entirety.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied in its entirety.

                                                                   _____
                                                                   Samuel Der-Yeghiayan
                                                                   United States District Court Judge

Dated: February 24, 2011